COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                          SUPERIOR COURT
                                                      Docket No.

---

CEX MASSACHUSETTS, INC.         )
                                )
    Plaintiff                   )
                                )
v.                              )
                                )
EDWARD M. DAVIS,                )
    Individually and in his official )
    capacity as Commissioner of the )
    Boston Police Department,    )
                                )
DANIEL KEELER,                  )
    Individually and in his official )
    capacity as a member of the Boston )
    Police Department,           )
                                )
ROBERT HARRINGTON,              )
    Individually and in his official )
    capacity as a member of the Boston )
    Police Department,           )
                                )
CAPTAIN BERNARD O'ROURKE,       )
    Individually and in his official )
    capacity as a member of the Boston )
    Police Department,           )
                                )
THE CITY OF BOSTON,             )
                                )
    Defendants                   )

---

## MOTION FOR PRELIMINARY ORDER AND/OR STAY OF REVOCATION OF SECOND HAND LICENSE

Pursuant to Mass. R. Civ. P. 4, 65 M.G.L. c. 249 § 4, and the general equity powers of the Superior Court, plaintiff respectfully requests this court order a preliminary injunction and/or

writ of certiorari/mandamus to issue enjoining and ordering the defendants to return plaintiff's validly procured second hand license (OR) declaring that plaintiff's right to operate pursuant to the license shall not be abridged during the pendency of this lawsuit.

In support, plaintiff relies upon the verified complaint filed herewith, and accompanying memorandum of law.

Respectfully submitted:

Robert S. Sinsheimer, Esq., BBO # 464940
Lauren M. Thomas, Esq., BBO # 667973
Michael Harriman, Esq., BBO # 680061
Sinsheimer & Associates
92 State Street, 9th Floor
Boston, MA. 02109
(617)-722-9954

Dated: March 27, 2012

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                                SUPERIOR COURT
                                                                            Docket No.

|  |  |
|---|---|
| CEX MASSACHUSETTS, INC. | ) |
|     Plaintiff | ) |
| v. | ) |
| EDWARD M. DAVIS,<br>    Individually and in his official<br>    capacity as Commissioner of the<br>    Boston Police Department, | ) |
| DANIEL KEELER,<br>    Individually and in his official<br>    capacity as a member of the Boston<br>    Police Department, | ) |
| ROBERT HARRINGTON,<br>    Individually and in his official<br>    capacity as a member of the Boston<br>    Police Department, | ) |
| CAPTAIN BERNARD O'ROURKE,<br>    Individually and in his official<br>    capacity as a member of the Boston<br>    Police Department, | ) |
| THE CITY OF BOSTON, | ) |
|     Defendants | ) |

**MEMORANDUM IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION**

STATEMENT

Plaintiff operates a store that buys and sells second hand goods. It holds a duly authorized Second-Hand Articles License that had been issued by the Boston Police Department and was current on January 31, 2012.

On January 31, 2012, pursuant to a search warrant seeking evidence of stolen goods, the defendants removed the license from the premises, effectively shutting the business without due process.

Thus, plaintiff filed a lawsuit alleging in part that due process required, at a minimum, notice and a hearing. This filing caused the City and department (through the offices of counsel) to immediately return the license, tacitly admitting that the original seizure was unconstitutional.

Two days later, on February 2, 2012, the individual Defendant Captain O'Rourke publicly proclaimed that the department intended to put plaintiff out of business. This was heard by a news reporter who duly memorialized it.

Plaintiff was then served with an unclear and vague notice, scheduling a license revocation hearing for February 22, 2012, at the department's headquarters. The department then subjected CeX to a "kangaroo court" where a ruling to revoke the license was pre-ordained. Without knowledge of Captain O'Rourek's statement, CeX attended the hearing in good faith and called four (4) percipient witnesses. The department put on no substantial evidence whatsoever.

On March 27, 2012, plaintiff received notice that the license was revoked.

For the reasons set forth below, it is submitted that such revocation is illegal, unconstitutional and not based upon substantial evidence.

Irreparable harm occurs with each passing hour that CeX is without its license. Its business model is dependent upon dealing in second-hand goods.

## ARGUMENT

### STANDARD OF REVIEW

The court has equitable powers to "stay" the order of revocation. It is not exactly clear what standard of review should be utilized in this circumstance. However, generally speaking, a motion for prejudgment preliminary relief involves a two prong showing. First, the plaintiff must demonstrate a likelihood of success on the merits. Second, the plaintiff must demonstrate the "balance of harms" favors its position. *See generally*, Hyde Park Partners, L.P. v. Connolly, 839 F. 2d 837 (1st Cir.1988); American Grain Products Processing Institute v. Dep't of Public Health, 392 Mass. 309, 326-27 (1984), *citing* Packaging Industry Group, Inc., v. Cheney, 380 Mass. 609, 616 (1980).

Utilization of this standard provides a useful model that will be followed for the purposes of argument. However, it should be pointed out first that "the balance of harms" totally favors the plaintiff. Revocation of the license effectively puts the plaintiff out of business.

### I. PLAINTIFF IS LIKELY TO SUCCEED

The matter before the court commenced when the defendants seized plaintiff's license without due process. In a totally arbitrary and capricious manner, they utilized the search warrant process to violate CeX's rights to continue selling merchandise.

There is a two prong test to determine whether there has been a violation of due process in these types of circumstances. The plaintiffs must show: (1) that there was a constitutionally protected interest; and (2) that the plaintiffs were deprived of this interest without due process of law. *See* Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972).

The property claim prong is easily established. To have a constitutionally protected property interest in a license, an applicant must have a legitimate claim of entitlement to it.

3

Roslindale Motor Sales, Inc. v. Police Comm'r of Boston, 405 Mass. 79, 82 (1989). Plaintiff obtained its license in 2008. In reliance thereupon, plaintiff entered into a ten (10) year lease for real estate. Once a license is granted, a property interest attaches. Welch v. Paicos, 66 F.Supp.2d 138, 164-65 (D. Mass. 1999).

Thus, the issue will turn on whether the manner and means by which the license was taken violates due process. A state cannot exclude a person from the practice of an occupation in a manner or for reasons that contravene the due process or equal protection clause of the Fourteenth Amendment. Milligan v. Board of Registration in Pharmacy, 348 Mass. 491, 494-495 (1989); Schware v. Board of Bar Examiners, 3563 U.S. 232 (1957); Wilner v. Committee on Character and Fitness, 373 U.S. 96 (1963). Procedural due process requires the notice of the opportunity for hearing. Goldsmith v. United States Board of Tax Appeals, 270 U.S. 117, 123 (1926). Wilner, supra, 373 U.S. at 103. At a bare minimum, due process requires that in any proceeding to be accorded finality, notice must be given that is reasonably calculated to apprise an interested party of the proceeding and to afford him an opportunity to present his case. LaPointe v. City of Worcester, 389 Mass. 454, 458 (1983), citing Konstantopoulos v. Whately, 384 Mass. 123 (1981).

LaPointe, supra, is the lead case construing the rights of a licensee pursuant to M.G.L. c. 140 § 54. It holds that the licensing authority has great discretion, but may not exercise it in an arbitrary and capricious manner. LaPointe v. City of Worcestor, 389 Mass. 454, 462 (1983); Caswell v. Licensing Commn. for Brockton, 387 Mass. 864, 877 (1983); Cf. Arnett v. Kennedy, 416 U.S. 134, 158-164 (1974).

LaPointe owned a single second hand store in Worcester. His wife purchased several gold rings from one Johnson, knowing them to have been stolen. Following notice and a

4

hearing, LaPointe's license was revoked. Thus the case stands for the obvious proposition that due process requires both notice and a hearing.

Here there was neither. An agency's decision is arbitrary and capricious when it is without evidentiary support. Massachusetts General Hospital v. Commissioner of Public Welfare, 350 Mass. 712, 216 N.E.2d 434 (1966). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." M.G.L. c. 30A § 1(6). Because there was no notice or hearing, there was no evidence to review.

LaPointe held further that M.G.L. c. 140 § 54 was not unconstitutionally vague as applied to LaPointe. This is because the LaPointes failed to keep appropriate records. "Permitting a junk dealer who freely purchases property which a reasonable person would suspect to be stolen, without making proper records, would hardly encourage the restoration of stolen items of property to their true owners or the detection of thieves." LaPointe, supra at 463.

Here however, plaintiff has alleged and verified that it keep records in precise accord with the regulations issued by the licensing authority. Plaintiff fully supports the statutory goal of preventing trafficking in stolen goods, but is unaware and has never been placed upon notice of additional safeguards that the licensing authority may wish to implement. "[V]ague laws that do not limit the exercise of discretion by officials engender the possibility of arbitrary and discriminating enforcement," thus violating due process. Caswell, supra, 387 Mass. 864 *citing* Grayned v. Rockford, 408 U.S. 104, 108-09 & n. 4, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).

The power under M.G.L. c. 140, § 54 to revoke licenses at the "pleasure" of appropriate authorities may not be exercised arbitrarily. LaPointe, supra. *See generally,* Papachristou v. Jacksonville, 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972); Caswell v. Licensing Comm'n for Brockton, supra, 387 Mass. at 875, 444 N.E.2d 922. Similar language in other licensing statutes has been construed "to mean 'in the exercise of a wise discretion.'" Marrone v.

5

City Manager of Worcester, 329 Mass. 378, 379, 108 N.E.2d 553 (1952), *quoting* Commonwealth v. McGann, 213 Mass. 213, 215, 100 N.E. 355 (1913). *See* Caswell v. Licensing Comm'n for Brockton, supra; Turnpike Amusement Park, Inc. v. Licensing Comm'n of Cambridge, 343 Mass. 435, 437-438, 179 N.E.2d 322 (1962).

LaPointe held that the objectives of § 54 "are to determine what persons shall be engaged in the business and to make it possible that junk, old metals and second hand articles stolen may be traced and restored to their owners, and that the thief may be detected and convicted." The actions of a licensing authority must be calculated to achieve these objectives. Id.

Thus, even if a single employee made an error in judgment (which allegation is denied), grounds for instant revocation of the license are not met. CeX has a proven record of compliance with the purpose of the statute, both in Boston and elsewhere.

Plaintiff fully anticipates the defendants will argue that criminal actions occurred at plaintiff's store, and that the defendant is motivated by the protection of public safety. Even so, there is no authority whatsoever for defendant to use a search warrant as a means to circumvent the most basic elements of due process. The warrant allows seizure of evidence. Plaintiff's license is in no way evidence of a crime. If indeed someone in the store willingly received stolen goods (a proposition that will be vigorously contested), that crime has been committed regardless of whether or not the establishment is licensed.

Thus, plaintiff is certain to prevail on the merits of the due process claim.

## II. PLAINTIFF WILL SUFFER IRREPARABLE HARM IF THE LICENSE IS NOT RETURNED

Plaintiff operates a retail store that is dependent on its ability to purchase items. It cannot operate as a "one way street." Defendants' precipitous action has the effect of forcing a liquidation of the store.

Such a draconian goal cannot be accomplished without a hearing. The City should not be allowed to utilize the warrant process to instantly shut down a retail outlet that has well served the public, that employs over twenty fellow citizens, and that fills a retail need in a vibrant section of the City.

The defendant is likely to argue that the issuance of the warrant demonstrates probable cause that a crime has been committed and that this alleged evidence of criminal activity is in and of itself a reason to pull the license, given the Commissioner's broad powers. The short answer is that the evidence of criminal activity is going to be refuted, and the plaintiff will demonstrate compliance with all procedures.

Plaintiff fully intends to fight for its license and should not be squeezed economically while doing so.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully asserts that the motion for a preliminary order should be ALLOWED.

Respectfully submitted:

Robert S. Sinsheimer, Esq., BBO # 464940
Lauren M. Thomas, Esq., BBO # 667973
Michael Harriman, Esq., BBO # 680061
Sinsheimer & Associates
92 State Street, 9th Floor
Boston, MA. 02109
(617)-722-9954

Dated: March 27, 2012

7